TRENTON WATER POWER COMPANY, DEFENDANT IN ERROR, v. FREDERICK W. DONNELLY, PLAINTIFF IN ERROR.

Argued March 12, 1909—Decided July 2, 1909.

1. Authority was conferred by the legislature of the state upon the defendant to divert water from a navigable river into an artificial raceway and to appropriate the water so diverted to its exclusive use, free from any public right or easement therein. *Held*, that such diversion was not rendered unlawful by the construction in the river by the defendant of an unauthorized dam. *Held further*, that the construction of such dam did not constitute a surrender to the public of the right of exclusive user of the waters of the raceway. *Held further*, that the fact that the dam was so constructed as to entirely obstruct the navigation of the river, did not justify the use of the raceway by persons navigating the river, it appearing that it could not be utilized for the purpose of passing around the obstruction.

2. A dedication may be for a limited public use. The extent of the dedication, when it is implied from an adverse public user, is measured by that user. In other words, the dedication is commensurate with the actual enjoyment of the public easement.

On error to the Supreme Court.

For the plaintiff in error, *Linton Satterthwait.*

For the defendant in error, *James & Malcolm G. Buchanan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The Trenton Water Power Company is the successor to the property and franchises of the Trenton Delaware Falls Company, a corporation chartered by the legislature in 1831 and authorized to erect a wing-dam in the Delaware river between the mouth of the Assunpink creek and the head of Wells' falls, and to cut a raceway therefrom along and near the bank of the river to a point below Trenton falls. *Pamph. L.* 1831, *p.* 133. The wing-dam was required by the charter to be so constructed as not to impede the passage of fish, rafts, arks and boats in the

river, and the sole purpose for which it and the raceway were authorized to be constructed was the supplying of water power for mills and manufacturing plants. The Delaware Falls Company, in pursuance of the authority so conferred, constructed a wing-dam in the river at Scudder's falls, and a raceway from the dam to the lower part of the city of Trenton, a distance of about seven miles. There is no navigable outlet at the lower end of this raceway, the water being returned to the river over a dam or spillway. The present suit was brought by the Trenton Water Power Company to test the right of the defendant, Donnelly, to navigate this raceway with his power boat against its objection. There was a verdict and judgment for the plaintiff.

The defendant, at the trial, offered to show that the plaintiff company, some fifteen or more years prior to the commencement of the suit, had so altered the construction of its wing-dam as to completely obstruct the passage of boats in the river at that point. The trial court, deeming this testimony irrelevant and immaterial, excluded it, and this judicial action is made the basis of the first assignment of error. The defendant insisted in the court below, and contends here, that this testimony was competent for the reason that the effect of the construction and maintenance by the plaintiff of an unlawful obstruction to the navigation of the river which diverted the waters thereof into its raceway, would be to entitle him, as one of the public, to use the raceway for navigation throughcut its whole length. He bases this contention principally upon the principle underlying cases like *Dwinel* v. *Barnard*, 28 *Me.* 562, namely, that if a person obstructs the flow of the waters of a navigable stream over their accustomed bed and turns them into a new channel, the right of the public to navigate such waters is not thereby terminated, but is exercisable upon the waters flowing through the new channel. In our opinion the principle promulgated in the line of cases referred to is not applicable to that now under consideration. The cases in which it has been declared deal with the effect of the diversion of a stream upon the public right of navigation where such diversion has not been authorized by the public.

In the present case the plaintiff had full authority from the legislature of the state to divert the waters of the Delaware into its artificial raceway and appropriate the waters so diverted to its sole and exclusive use free from any public right or easement therein, and the diversion is not rendered unlawful by the construction of a dam of a character unauthorized by the plaintiff company, nor does such unauthorized act operate as a surrender to the public of the right of exclusive user of the waters of the raceway conferred upon the plaintiff by the legislature.

Defendant further contends that this testimony was competent for the reason that the obstruction of the navigation of the river by the plaintiff without legal authority entitled the public to use the raceway for the purpose of passing around the obstruction. His argument in support of this contention is that where a public highway is obstructed by an adjoining owner the public is entitled to enter upon the property of the obstructor for the purpose of passing around the obstruction, and that as the Delaware river is a public highway the principle applies in the present case as fully as it does in cases where the highway is laid over the land.

It may be conceded, for the purpose of deciding this case, that the total obstruction of the navigation of the river by the plaintiff, without legislative authority, would justify the public in using its raceway for the purpose of passing out of the river around the obstruction and back into the river again, provided that this could be done, and for the same reason that justifies persons traveling upon a public road, when they come upon an obstruction placed in it by an adjoining landowner, in leaving the highway and passing around the obstacle over the property of said landowner. But the right in such cases arises out of the necessity of the situation and is restricted to the necessity. It is only exercisable over the land nearest to the obstruction and for such a distance as is reasonably required for passing around it. It is not broad enough to entitle the traveler to pass over the whole or as much of the landowner's property as he sees fit, or to cross it for the purpose of reaching a destination not upon the highway along which

he is traveling. As has already been stated, there is no navigable outlet over the plaintiff's raceway into the river except at its point of intake at Scudder's falls. It is impossible, therefore, for the public to make use of it for the purpose of passing around the obstruction which it was sought to show it had placed in the river. Conceding that the public would have a right to use the raceway for the purpose indicated, if it was possible to do so, that right cannot be stretched so far as to justify the navigation of the raceway throughout its whole course, and the fact that such limited right cannot be exercised owing to the existing physical conditions cannot operate to create the broader right now contended for by the defendant.

The rejected testimony was, in our opinion, properly excluded by the trial court.

The defendant further contended that there had been a dedication by the plaintiff of its raceway to public travel thereon by boats, shown by its long continued public user for that purpose, and that for this reason he was justified in plying upon it with his power boat. The trial court held that the defendant had failed to show such a dedication as entitled him to use a motor boat upon the raceway, and so instructed the jury. Upon this instruction the second and last assignment of error relied upon is rested.

Passing the question whether the plaintiff can dedicate its raceway to public use as a water highway, in view of the restriction as to user contained in its charter, and admitting that a dedication may be presumed from the use of it which was shown to have been made by the public, we, nevertheless, are of opinion that the defendant's justification has not been made out. It is entirely settled that a dedication may be for a limited public use. A dedication of a public way over the land of the dedicator may be limited to use by travelers on foot only, or to horses unattached to vehicles, or in any other way which the dedicator sees fit. *Poole* v. *Huskinson,* 11 *Mees. & W.* 827; *Mercer* v. *Woodgate, L. R.,* 5 *Q. B.* 26; *Arnold* v. *Blaker, L. R.,* 6 *Q. B.* 433; 9 *Am. & Eng. Encycl. L.* (2d ed.) 75; 13 *Cyc.* 460.

The user of the raceway, from which a dedication might be presumed, was only by rowboats of various kinds, canoes and scows, all propelled by hand. The extent of the dedication, when it is implied from an adverse public user, is measured by that user; in other words, the dedication is commensurate with the actual enjoyment of the public easement. *Carlisle* v. *Cooper,* 6 *C. E. Gr.* 576, and cases cited. That being so, the right of the public to use this raceway for the purpose of navigation, so far as it springs from the plaintiff's dedication, is limited to navigating it with boats of the kind mentioned, and propelled by hand, and does not justify its use by power boats.

The judgment under review will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, J.J.   13.

*For reversal*—None.

For the plaintiff in error, *Linton Satterthwait.*

